```
             UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

Michael Drouin
and Kathleen Drouin

   v.                                        Civil No. 14-cv-271-LM
                                              Opinion No. 2014 DNH 240

Wells Fargo Bank, N.A.,
as Trustee for Option One
Mortgage Loan Trust 2004-2,
Asset-Backed Certificates,
Series 2004-2

## O R D E R

For several years, Michael and Kathleen Drouin ("Plaintiffs") have fought in the state and federal courts to enjoin the defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), from foreclosing on their mortgaged property.  The present issue arose when Wells Fargo removed a suit filed by the Plaintiffs from state court to federal court, completely unaware that the state court had already entered an order dismissing the action.  The Plaintiffs have now filed a Motion to Void Dismissal and Continue Case and for Related Relief which, for the reasons that follow, is denied.

**Factual Background**

While a contested foreclosure is not uncommon in this court, the specific circumstances involved in this case are rather unusual.  Plaintiffs filed an ex parte petition for a

temporary restraining order and a request for preliminary injunction on May 19, 2014, in the Rockingham County Superior Court, seeking to enjoin Wells Fargo from foreclosing on their home.  Ultimately, the superior court (Delker, J.) issued an order denying the preliminary injunction and dismissing the case with prejudice on grounds of collateral estoppel and res judicata.

Although the superior court order was signed on May 28, 2014, by Judge Delker, the clerk of court did not mail it to the parties until June 18, 2014.  On the very same day, June 18, 2014, Wells Fargo filed a removal petition in this court based on diversity jurisdiction, unaware that the case had been dismissed.  Upon receiving notice of the superior court's order two days later, on June 20, 2014, Wells Fargo filed a notice of dismissal with this court and the case was closed.

Plaintiffs then filed the instant motion, contending that the superior court's order of dismissal is unenforceable because the case was removed to this court at, or prior to, the time that the order of dismissal took effect.

## Discussion

"It is axiomatic that an order is effective from the time it is signed by the court."  State v. Martin, 761 A.2d 516, 519 (N.H. 2000); see also Depuy v. Hoeme, 775 P.2d 1339, 1343 (Okla.

1989) ("A judgment or order is rendered and begins its legal life as soon as it is pronounced from the bench and before it is ever reduced to writing for entry of record by the clerk . . . [A]ny judgment or order is operative from the moment it is announced . . . .").

It is not disputed that the superior court's order of dismissal was signed by Judge Delker on May 28, 2014.  Judge Delker's order became effective on that date, regardless of the time that elapsed between the date on which the order was signed and the date on which the clerk of court mailed copies to the parties.  Wells Fargo's unwitting petition for removal on June 18, 2014, does not invalidate the effectiveness of the superior court's dismissal.

### Conclusion

For the foregoing reasons, Plaintiffs' Motion to Void Dismissal and Continue Case and for Related Relief (doc. no. 4) is denied.  Wells Fargo's request for fees and costs is denied.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

November 17, 2014
cc:   Michael J. DiCola, Esq.
      Paula-Lee Chambers, Esq.